# UNITED STATES DISTRICT COURT
## Southern District of Florida

UNITED STATES OF AMERICA

v.

Case Number 95-6217-CR-GONZALEZ

FRANCO NICOLETTI
USMarshal #71945-012
Defendant.

SCOTT BEHNKE, AUSA

## AMENDED JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, FRANCO NICOLETTI, was represented by JANE MOSCOWITZ, ESQUIRE.

On motion of the United States the court has dismissed count(s) 2-10.

The defendant pleaded guilty to count(s) 1. Accordingly, the defendant is adjudged guilty of such count(s), involving the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC 1014 | SUBMITTED FALSE LOAN APPLICATION | 7/26/90 | 1 |

As pronounced on September 9, 1998, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $ 100.00, for count(s) 1, which shall be due immediately.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the 14TH day of September, 1998.

Jose A. Gonzalez, Jr.
United States District Judge

Defendant's SSAN: 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
Defendant's Date of Birth: 1/31/47

Case 0:95-cr-06217-JAG   Document 244   Entered on FLSD Docket 09/15/1998   Page 2 of 6

AO 245 S (Rev. 4/90)(S.D.Fla. rev.) Sheet 2 - Imprisonment

Judgment--Page 2 of 6

Defendant: FRANCO NICOLETTI
Case Number: 95-6217-CR-GONZALEZ

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 24 months to be served concurrently with the sentence previously imposed in the U.S. District Court, Southern District of Florida, in Case #96-6199-Cr-Hurley.

The Court makes the following recommendations to the Bureau of Prisons: designation to FCI, Miami, if possible.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

Judgment--Page 3 of 6

Defendant: FRANCO NICOLETTI
Case Number: 95-6217-CR-GONZALEZ

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years to run concurrently with sentence previously imposed in U.S. District Court, Southern District of Florida, in Case #96-6199-Cr-Hurley.

While on supervised release, the defendant shall not commit another federal, state, or local crime; shall not illegally possess a controlled substance; shall comply with the standard conditions that have been adopted by this court (set forth below); and shall comply with the following additional conditions:

1. If ordered to the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

2. If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remain unpaid at the commencement of the term of supervised release.

3. The defendant shall not own or possess a firearm or destructive device.

4. If deported the term of supervised release shall be non-reporting while residing outside the United States. The defendant shall not re-enter the Unisted States of America without the written permission of the U.S. Attorney General.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his or her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case 0:95-cr-06217-JAG   Document 244   Entered on FLSD Docket 09/15/1998   Page 4 of 6

AO 245 S (Rev. 4/90)(S.D.Fla. rev.) Sheet 5 - Fine

Judgment--Page 4 of 6

Defendant: FRANCO NICOLETTI
Case Number: 95-6217-CR-GONZALEZ

## FINE

The defendant shall pay a fine of $ 15,438.52.  This fine includes any costs of incarceration and supervision.

This fine (plus any interest required) shall be paid to the U.S. District Court.

AO 245 S (Rev. 4/90)(S.D.Fla. rev.) Sheet 6 - Restitution and Forfeiture

Judgment--Page 5 of 6

Defendant: FRANCO NICOLETTI
Case Number: 95-6217-CR-GONZALEZ

## RESTITUTION AND FORFEITURE

### RESTITUTION

The defendant shall make restitution to the following persons in the following amounts:

| Name of Payee | Amount of Restitution |
|---|---|
| Barbara Lifschultz<br>1239 Hillsboro Mile, Apt. 301<br>Hillsboro Beach, FL 33062 | $116,000.00 |
| Home Savings of America<br>Corporate Accounting Services<br>4900 Rivergrade Road<br>Building 550<br>Irwindale, California 91706 | $ 68,561.48 |

Payments of restitution are to be made in full immediately.

Restitution shall be paid to the U.S. District Court.

If there are multiple payees, any payment not made directly to a payee shall be divided proportionately among the payees named unless otherwise specified here:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MEMORANDUM OF SENTENCING HEARING
AND REPORT OF STATEMENT OF REASONS

Defendant <u>Franco Nicoletti</u>          Docket No. <u>95-6217-CR-GONZALEZ</u>
Register No. <u>71045-012</u>              SD/FL PACTS No. <u>36764</u>
                                           Date Sentenced: <u>September 9, 1998</u>

__   The court adopts the factual findings and guideline application in the presentence report.

OR

X    The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary): Sentence was imposed pursuant to a presentence investigation prepared on a previous case. The defendant has been held in custody since the preparation of that presentence investigation. Sentence was imposed pursuant to Rule 11(e)(3) and Rule 32(b)(1)(A) & (B).

**Guideline Range Determined by the Court:**

Total Offense Level: <u>11</u>  Criminal History Category: <u>IV</u>
Imprisonment Range: <u>18-24</u> months
Supervised Release Range: <u>3</u> to <u>5</u> years
Fine Range: $<u>2,000</u> to $<u>1,000,000</u>
__   Fine is waived or is below the guideline range, because of the defendant's inability to pay.
Restitution: $<u>184,000</u>
__   Full restitution is not ordered for the following reason(s):

X    The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.

OR

__   The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

OR

**The sentence departs from the guideline range:**

__   upon motion of the government, as a result of defendant's substantial assistance.

__   for the following reason(s):

__   The court orders transcript of Statement of reasons be attached.

DATE: <u>September 9, 1998</u>        _____
                                         U.S. DISTRICT JUDGE